# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| LEE HOLDEN PARKER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | CIVIL NO. 08-cv-152-MJR |
| ROGER E. WALKER, JR., et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion (Doc. 13) seeking to vacate this Court's Memorandum and Order date December 10, 2008, (Doc. 12), which denied his motion for an extension of time and his motion to file an amended complaint. Plaintiff seeks this relief pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.

**BACKGROUND**

This Court determined that Plaintiff's complaint did not survive threshold review pursuant to 28 U.S.C. § 1915A. *See* (Doc. 8). Judgment was entered in favor of Defendants and against Plaintiff (Doc. 9). Counts 5 and 7 of the complaint, in which Plaintiff sought restoration of good time credits, were dismissed without prejudice because Plaintiff's only federal remedy was a writ of habeas corpus, not a § 1983 action.[1] *Id*.

After judgment was entered, Plaintiff filed a motion for extension of time to file a "motion for reconsideration" (Doc. 10). Plaintiff also filed an amended complaint (Doc. 11) which, because

---

[1] Before seeking a federal writ habeas corpus, however, Plaintiff has to exhaust his available state remedies.

judgment had already been entered against Plaintiff, this Court construed as a motion to file an amended complaint.

On December 10, 2008, the Court denied Plaintiff's motion for an extension of time (Doc. 12) noting that it did not have the authority to extend the time limits for filing a motion pursuant to Rule 59(e) or Rule 60(b). *See* Fed. R. Civ. P. 6(b)(2). The Court denied Plaintiff's motion to file an amended complaint because Plaintiff had not even moved to vacate the judgment dismissing this action. *See Sparrow v. Heller,* 116 F.3d 204, 205 (7th Cir. 1997). The instant motion (Doc. 13) challenges the Court's December 10, 2008, Memorandum and Order (Doc. 12) denying his motion for an extension of time and his motion to file an amended complaint.

## DISCUSSION

Plaintiff purports to bring this motion pursuant to *both* Rule 59(e) and Rule 60(b). The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of an order, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)).

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a

movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Upon review of the record, the Court remains persuaded that its rulings (Doc. 12) denying Plaintiff's motion for an extension of time (Doc. 10) and his motion to amend his complaint (Doc. 11) were correct. Therefore, the instant motion (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 5th day of February, 2009.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**