IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LEE HOLDEN PARKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-152-MJR |
| | ) |
| **ROGER E. WALKER, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court on Plaintiff's motion to "proceed incognito John Doe" (Doc. 25) and his motion to vacate judgment pursuant to Rule 59 or, alternatively Rule 60 (Doc. 26).

### BACKGROUND

Plaintiff, a wheelchair bound inmate, commenced this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, § 1985(3), and § 1986; for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; and for violations of various state laws. At the heart of each of his claims was Plaintiff's assertion that he is being denied placement in a protective custody unit in violation of the Eighth Amendment. Specifically, Plaintiff charged that the lack of a protective custody unit at Pinckneyville Correctional Center (PCC) is *per se* deliberate indifference to Plaintiff's risk of being attacked by other inmates at PCC whom he believes pose a threat to his safety. To ensure his own safety, Plaintiff chose to refuse orders to move to general population and, therefore, Plaintiff was placed on administrative/disciplinary segregation.

After conducting a thorough analysis and discussion of Plaintiff's claims, this Court

found that the complaint did not survive review under 28 U.S.C. § 1915A.  *See* (Doc. 8).

Judgment was entered in favor of Defendants and against Plaintiff (Doc. 9).  Counts 5 and 7 of

the complaint, in which Plaintiff sought restoration of good time credits, were dismissed without

prejudice because Plaintiff's only federal remedy was a writ of habeas corpus, not a § 1983

action.[1]  *Id*.

After judgment was entered, Plaintiff filed a motion for extension of time to file a

"motion for reconsideration" (Doc. 10).  Plaintiff also filed an amended complaint (Doc. 11)

which, because judgment had already been entered against Plaintiff, this Court construed as a

motion to file an amended complaint.

On December 10, 2008, the Court denied Plaintiff's motion for an extension of time to

file his motion for reconsideration noting that it did not have the authority to extend the time

limits for filing a motion pursuant to Rule 59(e) or Rule 60(b).  *See* (Doc. 12).  The Court denied

Plaintiff's motion to file an amended complaint because Plaintiff had not even moved to vacate

the judgment dismissing this action.  *Id*.

On December 17, 2009, Plaintiff filed a motion for reconsideration.  *See* (Doc. 13).  On

February 5, 2009, this Court denied Plaintiff's motion for reconsideration.  *See* (Doc. 14).

Plaintiff filed a notice of appeal (Doc. 15) and a motion to proceed *in forma pauperis* on

appeal (Doc. 18).  This Court denied Plaintiff's motion to proceed *in forma pauperis* on appeal.

*See* (Doc. 22).  Accordingly, Plaintiff was directed to tender the appellate filing fees or to

reapply for *in forma pauperis* status with the Seventh Circuit Court of Appeals.  *Id*.

---

[1]Before seeking a federal writ habeas corpus, however, Plaintiff has to exhaust his available state remedies.

While Plaintiff's appeal was pending in the Seventh Circuit Court of Appeals, he filed the instant motions.

The Seventh Circuit Court of Appeals dismissed Plaintiff's appeal because he failed to pay the appellate filing fees.

**DISCUSSION**

As noted above, Plaintiff previously moved to vacate this Court's Judgment dismissing his complaint pursuant to 28 U.S.C. § 1915A.  *See* (Doc. 13).  The Court denied that motion and the instant motion fares no better than its predecessor.

A "motion to reconsider" challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992).   If  a motion challenging a judgment on the merits is served after ten days of the rendition of judgment, the motion falls under Rule 60(b).'"  *Id.* (citations omitted).

Judgment was entered in this action on November 6, 2008, but the instant "motion to reconsider" was not filed until March 26, 2009, well after the 10-day period expired.  *See* FED.R.CIV.P. 59(e).  Therefore, as a Rule 59(e) motion, the motion is time-barred.

Under *Deutsch*, the Court will thus construe the motion as filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak*

*Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In his "motion for reconsideration," Plaintiff contends that the Court applied "improper procedural requirements" on his "form pleading complaint" and, therefore, improperly dismissed the complaint pursuant to 28 U.S.C. § 1915A.  These arguments do not suggest clerical mistake; instead, these arguments challenge the Court's application of the law to the facts alleged in the complaint, which may be addressed in a direct appeal.  Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant "motion for reconsideration" (Doc. 26) is **DENIED**.

As for Plaintiff's "motion to proceed incognito John Doe," it appears that Plaintiff fears reprisal if his "accumulated enemy issues" are "published relative to an Opinion" from the Court.  The Court notes that the initial complaint - in which Plaintiff names his alleged enemies - was filed on March 3, 2008.  At the time, Plaintiff did not seek to redact or conceal the names of his alleged enemies.  Court records are open to the public and it was not until more than a year after filing his complaint that Plaintiff filed the instant motion "to proceed incognito" seeking to cloak the allegations of his complaint in a shroud of secrecy.  Furthermore, while this Court's Memorandum and Order dismissing Plaintiff's complaint is **not** published in West's Federal

Supplement series, a copy is available via Westlaw.  *See Parker v. Walker*, Case No. 3:08-cv-152-MJR, 2008 WL 4837683  (S.D. Ill. Nov. 6, 2008).  In short, it appears Plaintiff is attempting to close the barn door well after the horse has left.  Accordingly, Plaintiff's motion to "proceed incognito John Doe" (Doc. 25) is **DENIED**.

**IT IS SO ORDERED**.

**DATED this 21st day of October, 2009.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**